# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| PAMELA S. MC CLANAHAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 10-1125-CV-W-FJG |
| | ) |
| JOHNSON CONTROLS, INC., and | ) |
| UNUM LIFE INSURANCE COMPANY | ) |
| OF AMERICA, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Currently pending before the Court is defendants' Motion to Dismiss or in the Alternative for a More Definite Statement (Doc. # 9).

### I. BACKGROUND

In her Complaint, plaintiff claims that her employer, Johnson Controls, Inc. ("Johnson") and UNUM Life Insurance Company of America ("UNUM") improperly denied her claim for disability benefits under a group policy of insurance issued by UNUM as part of an employee welfare benefit plan in which she was a participant. Plaintiff's Complaint states two causes of action against the defendants: 1) Breach of Contract and 2) Fraud. Defendants argue that plaintiff's fraud claim is preempted by ERISA. Alternatively, defendants argue that if the claim is not preempted, plaintiff should be required to state her fraud claim with more particularity. Plaintiff argues that her state law fraud claim survives preemption because it is based on pre-contractual conduct and the basis for the fraud claim is completely independent of whether or not the defendants wrongfully denied her benefits under Count I. Additionally, plaintiff

states that her Complaint is sufficiently detailed in describing the fraud and it is unnecessary for her to state her claim with more specificity.

## II. STANDARD

> Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must present "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of a short and plain statement is to provide defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 545 (2007)(citation omitted). To satisfy this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009)(quoting <u>Twombly</u>, 550 U.S. at 570). A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555 (internal quotations omitted). On a motion to dismiss, a court's evaluation of a plaintiff's complaint is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 129 S.Ct. at 1950.

<u>McNeil v. Missouri Annual Conference of United Methodist Church</u>, No. 2:10-CV-04154-NKL, 2010 WL 3732191,*3 (W.D.Mo. Sept. 20, 2010).

Fed.R.Civ.P. 12(e) states in part, "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

## III. DISCUSSION

Defendant argues that plaintiff's fraud claim should be dismissed because it is preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1002(1) ("ERISA"). "ERISA . . . is a comprehensive statute that sets certain uniform standards and requirements for employee benefit plans, . . . and was enacted to prevent

the mismanagement of funds accumulated to finance employee benefits and the failure to pay employees benefits from [those] funds." Jones v. Kum and Go, LC, No. 4:09CV0419TCM, 2010 WL 1371761, *2 (E.D.Mo. Apr. 7, 2010)(internal citations and quotations omitted).  The preemption provision of the statute states:

> Except as provided in section (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

29 U.S.C. § 1144(a).

The Supreme Court has stated:

> Therefore, any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted.

Aetna Health Inc. v. Davila, 542 U.S. 200, 209 124 S.Ct. 2488, 2495, 159 L.Ed.2d 312 (2004).

Defendant is arguing that plaintiff's fraud claim is based on an alleged improper administration of claims, breach of fiduciary duty and ultimate denial of Plaintiff's claim for disability benefits under the Plan.  Defendant states that plaintiff's fraud claim is "inextricably tied to UNUM's administrative and decision-making functions under the Plan."  (Defendants' Suggestions in Support, p. 2).  Plaintiff argues that even though ERISA preemption may be broad, it is not boundless and state law claims of fraud that occurred *before* the parties entered into an agreement are not preempted.  Plaintiff states that the basis for her fraud claim is "entirely independent of whether or not the defendants wrongfully denied her benefits under Count I.  Plaintiff argues that her fraud

3

claim is based on the fact that the defendants induced her through Johnson Controls, to enter into the contract while they knew of UNUM's persistent policy of arbitrary bad faith denials. Plaintiff states that she is not arguing that the defendants committed fraud because her benefits were denied, rather the fraud was committed *before* she entered into the contract with the defendants. (Plaintiff's Suggestions in Opposition, p. 8).

**A. ERISA Preemption**

> A two-part inquiry is required when considering the application of ERISA's preemption provision: "A law relates to a covered employee benefit plan for purposes of [§ 1144(a)] if it [1] has *a connection with* or [2] *reference to* such a plan." California Div. of Labor Standards Enforcement v. Dillingham Constr., N.A., 519 U.S. 316, 324, 117 S.Ct. 832, 136 L.Ed.2d 791 (1997)(quotations omitted). In determining whether there is a "connection" to an ERISA plan, the courts look to "both the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive . . .as well as to the nature of the effect of the state law on ERISA plans." Id at 325 (internal quotations omitted)(alteration in original).

Jones, 2010 WL 1371761 at *3 (emphasis added).

Courts examine a series of factors in determining whether a law has a "connection with" an ERISA plan. In Thrailkill v. Amsted Industries Inc., 102 F.Supp.2d 1129 (W.D.Mo. May 31, 2000), the Court stated:

> The Eighth Circuit has defined several factors to be considered when determining whether a state law has a connection with an ERISA plan:
>
> (1) Whether the state law negates an ERISA plan provision;
>
> (2) Whether the state law affects relations between primary ERISA entities;
>
> (3) Whether the state law impacts the structure of ERISA plans;
>
> (4) Whether the state law impacts the administration of ERISA plans;
>
> (5) Whether the state law has an economic impact on ERISA plans;

4

(6) Whether preemption of the state law is consistent with other ERISA provisions; and

(7) Whether the state law is an exercise of traditional state power.

Id. at 1133 quoting Arkansas Blue Cross and Blue Shield v. St. Mary's Hosp. Inc., 947 F.2d 1341, 1344-45 (8th Cir. 1991), cert. denied, 504 U.S. 957, 112 S.Ct. 2305, 119 L.Ed.2d 227 (1992)(citations omitted).

### 1. Does Plaintiff's State Law Claim Have a "Connection With" an ERISA Plan?

With regard to the first and third factors, the Court does not find that plaintiff's state law claim for fraudulent inducement negates any ERISA plan provision nor does it impact the structure of the plan. Plaintiff is alleging that the defendants failed to inform her that UNUM had a policy of bad faith denial of benefits. Plaintiff is not challenging any portion of the ERISA plan. See In Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 605 (8th Cir.1996)(state law claim did not negate ERISA plan provision where plaintiffs were not seeking plan benefits or challenging the plan's structure).

The second factor is whether the state law claims would affect relations between primary ERISA entities. The primary entities are "the employer, the plan, the plan fiduciaries, and the beneficiaries." St. Mary's, 947 F.2d at 1346. In Thrailkill, the Court found that the state law claims would have a "limited effect" on relations between primary ERISA entities because the plaintiffs in that case had sued their former employers. This Court agrees and finds that because plaintiff has also sued her employer, this would have an impact on one of the primary ERISA entities.

The next factor is whether the state law claim would impact the administration of

the ERISA plan.  The Court does not find that allowing plaintiff's claim would affect the administration of the plan in any significant manner.  In Thrailkill, the Court found that this factor did not weigh in favor of preemption because the plaintiffs were not challenging the administration of the ESOP plan itself, but rather were bringing state law claims related to acts that occurred before they were plan beneficiaries.

The next factor focuses on whether the state law has an economic impact on the ERISA plan.  In Thrailkill, the Court noted that because the plaintiffs were not seeking pension benefits as damages, but rather were seeking the wages that they would have received it they had sought employment elsewhere, the state law claims would not have any significant economic impact.  In the instant case, plaintiff did not include a separate prayer for damages under each of the counts, rather she included one prayer for damages encompassing both claims.  Plaintiff in her prayer for damages states that she "prays [for] judgment against defendants and that the Court enter its Order requiring and decreeing that defendants make all payments due to Ms. McClanahan, together with prejudgment interest thereon at the maximum legal rate and to direct defendants to pay attorney's fees and costs directed under 29 U.S.C.A. § 1132(g) for a finding that UNUM's actions were fraudulent, willful and intentional; award damages to Ms. McClanahan accordingly; and issue all other Orders and findings this Court deems just and reasonable."  The first part of the prayer for damages obviously relates to plaintiff's ERISA claim for breach of contract.  The second portion of the prayer for relief relates to the fraud claim and seeks damages directly arising from the fraud claim.  Thus, because the plaintiff is not seeking benefits as a result of the fraud claim, the Court finds that this claim would not have a significant economic impact on the plan.

With regard to the final two factors, the Court does not find that there is any other ERISA provision which would weigh in favor of preemption of plaintiff's state law fraud claim. Finally, the Court finds that the fraudulent inducement claim represents a traditional exercise of state power. As in the Thrailkill case, the only factor supporting preemption is the fact that the plaintiff sued her employer. However, the Court in Thrailkill found that this was insufficient, stating:

> This factor is insufficient to support preemption, especially because this Court begins "with the starting presumption that Congress does not intend to supplant state law." [New York State Conference of Blue Cross and Blue Shield Plans v.] Travelers, 514 U.S. at 655, 115 S.Ct. 1671, [131 L.Ed.2d 695 (1995)]. The state law claims would not subject ERISA plan administrators to inconsistent state regulation, nor would they have an impact on Defendants' ERISA plan. These factors weigh more heavily in the Court's analysis than the fact that some of the Defendants in this case are employers.

Id. at 1135. This Court agrees and therefore finds that plaintiff's state law fraudulent inducement claim is not preempted by ERISA.

**2. Does Plaintiff's State Law Claim "Relate To" An ERISA Plan?**

In considering whether the Missouri's law on fraudulent inducement "*relates to*" an ERISA plan, the Court in Thrailkill, noted that Missouri's common law on fraudulent inducement is a law of "general application" and "does not actually or implicitly refer to ERISA plans." Id. at 1132 (quoting Wilson v. Zoellner, 114 F.3d 713, 717 (8th Cir.1997)). Therefore, in considering the preemption issue, this Court need only focus on whether the state law claim has a connection with an ERISA plan."

**B. Motion for a More Definite Statement**

Defendants argue alternatively that if the fraud claim is not preempted, then

7

plaintiff should be required to state her claim with more particularity. Defendants argue that plaintiff only pleads her fraud claim in a conclusory fashion and fails to allege what fraudulent statements and offers were made to her. In response, plaintiff states that she has already specifically stated her claim pointing to ¶ 41, "[w]hen UNUM's LTD coverage was offered to Ms. McClanahan, it knew, or acted in reckless disregard to the fact, that its offer was false and that UNUM had an established corporate policy of bad faith and arbitrary denial of coverage for LTD claims." Plaintiff states that this is a "detailed and specific account of what UNUM knew at the time it made the offer to Ms. McClanahan but failed to tell her." (Plaintiff's Suggestions in Opposition, p. 10). The Court disagrees. In Bodtke v. Stryker Corp., No. 4:10CV1148JMM, 2011 WL 223013, *2 (E.D.Ark. Jan. 24, 2011), the Court stated:

> Allegations of fraud in a complaint must comply with Rule 9(b) of the Federal Rules of Civil Procedure. "[A] party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). When pleading fraud, a plaintiff cannot simply make conclusory allegations. In Commercial Property Investments, Inc.[v. Quality Inns Int'l. Inc., 61 F.3d 639 (8th Cir.1995)], we listed several factors a court should examine in determining whether the 'circumstances' constituting fraud are stated with particularity under Rule 9(b). These 'circumstances' include the time, place, and contents of the alleged fraud; the identity of the person allegedly committing fraud; and what was given up or obtained by the alleged fraud.

Id. at *2 (quoting Roberts v. Francis, 128 F.3d 647, 651 (8th Cir. 1997)).

In the instant case, plaintiff has not sufficiently alleged the circumstances of her fraud claim. Defendants are left to guess when the misrepresentations were made, what persons made the misrepresentations, where the misrepresentations took place and exactly what was represented. The only detail which plaintiff has alleged is that she gave up insurance premiums in exchange for the misrepresentations. In order to

8

adequately defend against the plaintiff's claim, the defendants are entitled to more details regarding this claim. Accordingly, the Court hereby **DENIES** defendants' Motion to Dismiss and **GRANTS** the Motion for a More Definite Statement (Doc. # 9). Plaintiff is hereby **ORDERED** to file a First Amended Complaint which more clearly states her fraudulent inducement claim on or before **March 7, 2011**.

## IV. CONCLUSION

For the reasons stated above, the Court hereby **DENIES** defendants' Motion to Dismiss and **GRANTS** defendant's Motion for a More Definite Statement (Doc. # 9). Plaintiff shall file an Amended Complaint on or before **March 7, 2011**.


Date:  02/22/11               **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri           Fernando J. Gaitan, Jr.
                                              Chief United States District Judge